VORYS, SATER, SEYMOUR AND PEASE LLP
Krystal V. Campos (SBN 351517)
*kvcampos@vorys.com*
2211 Michelson Drive, Suite 500
Irvine, CA 92612
Telephone: (949) 526-7904
Facsimile:  (949) 526-7904

Attorneys for Defendant
COMMVAULT SYSTEMS, INC.

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE HEITING, individually and on behalf of all others similarly situated,<br><br>     Plaintiff,<br><br>     vs.<br><br>COMMVAULT SYSTEMS, INC., a Delaware corporation; and DOES 1 through 25, inclusive,<br><br>     Defendants. | Case No. 2:25-cv-09526-AS<br><br>Hon. Alka Sagar – Crtrm 540<br><br>**DEFENDANT'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT** |

Defendant Commvault Systems, Inc. ("Defendant"), by and through its undersigned counsel, hereby answers Plaintiff Jane Heiting's ("Plaintiff") Class Action Complaint as follows and asserts the following affirmative defenses:

## INTRODUCTION

1. Defendant denies each and every allegation contained in Paragraph 1 of the Complaint.

2. Defendant denies each and every allegation contained in Paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

3. Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations with respect to the purported class and amount in controversy and, therefore, denies each and every allegation contained in

1

Paragraph 3 of the Complaint.

4.    Defendant admits that it offers data protection and recovery options to its customers and conducts business in California.  Answering further, Defendant denies each and every remaining allegation contained in Paragraph 4 of the Complaint.

5.    Defendant denies each and every allegation contained in Paragraph 5 of the Complaint.

6.    Defendant denies each and every allegation contained in Paragraph 6 of the Complaint.

7.    Paragraph 7 of the Complaint states a legal conclusion to which a response is not required.  To the extent a response is required, Defendant denies each and every allegation contained in Paragraph 7 of the Complaint.

8.    Defendant admits that it is authorized to conduct business in this District and does substantial business within this District but denies each and every remaining allegation contained in Paragraph 8 of the Complaint.

## PARTIES

9.    Defendant denies that it systematically violated any individual's expectation of privacy or engaged in unauthorized surveillance activities.  Answering further, Defendant is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 9 of the Complaint and, therefore, denies each and every remaining allegation.

10.    Defendant admits that it is a Delaware corporation that owns, operates, and/or controls https://www.commvault.com/ (the "Wesbite") through which Defendant provides customers with products like Commvault HyperScale Edge but denies each and every remaining allegation contained in Paragraph 10 of the Complaint.

11.    Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint

and, therefore, denies each and every allegation.

12. Defendant denies each and every allegation contained in Paragraph 12 of the Complaint.

## FACTUAL ALLEGATIONS

13. Defendant admits that it is the proprietor of the Website.

14. Defendant denies each and every allegation contained in Paragraph 14 of the Complaint.

15. Defendant denies each and every allegation contained in Paragraph 15 of the Complaint.

16. Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint and, therefore, denies each and every allegation.

### Registered California Data Brokers

17. Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint and, therefore, denies each and every allegation.

18. Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint and, therefore, denies each and every allegation.

19. Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint and, therefore, denies each and every allegation.

20. Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint and, therefore, denies each and every allegation.

21. Defendant denies each and every allegation contained in Paragraph 21 of the Complaint.

/ / /

DEFENDANT'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

22. Defendant denies each and every allegation contained in Paragraph 22 of the Complaint.

**Defendant and the California Data Brokers**

23. Defendant denies each and every allegation contained in Paragraph 23 of the Complaint.

24. Defendant admits only that it has installed a 6Sense DBSDK on its website and denies each and every remaining allegation contained in Paragraph 24 of the Complaint.

25. Defendant admits only that 6Sense is a registered California Data Broker and denies each and every remaining allegation contained in Paragraph 25 of the Complaint.

26. Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint and, therefore, denies each and every allegation.

27. Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint and, therefore, denies each and every allegation. Answering further, Defendant denies that it engaged in any such unlawful conduct.

28. Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint and, therefore, denies each and every allegation. Answering further, Defendant denies that it engaged in any such unlawful conduct.

29. Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint and, therefore, denies each and every allegation.

30. Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint and, therefore, denies each and every allegation.

31.    Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint and, therefore, denies each and every allegation.

32.    Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint and, therefore, denies each and every allegation.

33.    Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint and, therefore, denies each and every allegation.

34.    Defendant denies each and every allegation contained in Paragraph 34 of the Complaint.

**Plaintiff Was Subjected to Trap and Trace Devices on the Website**

35.    Defendant is without knowledge and information sufficient to form a belief as to the truth of Plaintiff's allegation that she visited the Website on June 10, 2025, and denies each and every remaining allegation contained in Paragraph 35 of the Complaint.

36.    Defendant denies each and every allegation contained in Paragraph 36 of the Complaint.

37.    Defendant denies each and every allegation contained in Paragraph 37 of the Complaint.

38.    Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the Complaint but denies that it engaged in any such unlawful activity.

39.    Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of the Complaint but denies that it engaged in any such unlawful activity.

40.    Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of the Complaint but

Case No. 2:25-cv-09526-AS.
DEFENDANT'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

denies that it engaged in any such unlawful activity.

41.    Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of the Complaint but denies that it engaged in any such unlawful activity.

42.    Paragraph 42 of the Complaint states a legal conclusion to which a response is not required.  To the extent a response is required, Defendant responds that the provisions of California Penal Code § 638.50(c) speak for themselves.

43.    Defendant denies each and every allegation contained in Paragraph 43 of the Complaint.

44.    Defendant denies each and every allegation contained in Paragraph 44 of the Complaint.

**The 6Sense and Taboola DBSDKs Are Trap and Trace Devices.**

45.    Paragraph 45 of the Complaint states a legal conclusion to which a response is not required.  To the extent a response is required, Defendant responds that the provisions of California Penal Code § 638.50(c) speak for themselves.

46.    Defendant denies each and every allegation contained in Paragraph 46 of the Complaint.

47.    Defendant denies each and every allegation contained in Paragraph 47 of the Complaint.

48.    Defendant admits that has installed a 6Sense DBSDK and that it did not obtain a court order before doing so.  Commvault specifically denies that it was required to obtain any such court order.

49.    Defendant denies each and every allegation contained in Paragraph 49 of the Complaint.

50.    Paragraph 50 of the Complaint states a legal conclusion to which a response is not required.  To the extent a response is required, Defendant responds that the provisions of California Penal Code § 638.51(b) speak for themselves.

51.    Paragraph 51 of the Complaint states a legal conclusion to which a

DEFENDANT'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

response is not required. To the extent a response is required, Defendant responds that the provisions of California Penal Code §§ 630 et seq. speak for themselves.

## CLASS ALLEGATIONS

52. Defendant admits only that Plaintiff seeks to represent a class as defined in Paragraph 52 of the Complaint but denies that class certification is appropriate.

53. Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53 of the Complaint and, therefore, denies each and every allegation contained therein and further denies that class certification is appropriate.

54. Defendant denies each and every allegation contained in Paragraph 54 of the Complaint and further denies that class certification is appropriate.

55. Defendant denies each and every allegation contained in Paragraph 55 of the Complaint and further denies that class certification is appropriate.

56. Defendant denies each and every allegation contained in Paragraph 56 of the Complaint and further denies that class certification is appropriate.

57. Defendant denies each and every allegation contained in Paragraph 57 of the Complaint and further denies that class certification is appropriate.

## FIRST CAUSE OF ACTION

### Violations of California Trap and Trace Law

### Cal. Penal Code § 638.51 (the "California Trap and Trace Law")

58. Defendant reasserts its answers as set forth above in response to each of the foregoing paragraphs of this Complaint as though fully set forth herein.

59. Paragraph 59 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, Defendant responds that the provisions of California Penal Code § 638.51(a) speak for themselves.

60. Paragraph 60 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, Defendant responds that the provisions of California Penal Code § 638.50(c) speak for themselves.

DEFENDANT'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

61.    Paragraph 61 of the Complaint states a legal conclusion to which a response is not required.  To the extent a response is required, Defendant responds that the provisions of California Penal Code § 638.50(c) speak for themselves.

62.    Defendant denies each and every allegation contained in Paragraph 62 of the Complaint and specifically denies that it used trap and trace technology.

63.    Paragraph 63 of the Complaint states a legal conclusion to which a response is not required.  To the extent a response is required, Defendant responds that the provisions of California Penal Code § 637.2 speak for themselves.

With respect to the remaining text of the Complaint, Defendant alleges that such subsections constitute prayers for relief to which no response is necessary.  To the extent that any response is necessary, Defendant specifically denies that Plaintiff is entitled to the relief sought or any relief whatsoever.  Except as expressly admitted and denied, Defendant does not have sufficient information or belief to respond to the remaining allegations set forth in Plaintiff's prayer for relief and based thereon denies each and every allegation contained therein.  Answering further, Defendant acknowledges that Plaintiff requests a jury for this action but denies that any triable issues of fact exist.

## AFFIRMATIVE AND OTHER DEFENSES

In addition, Defendant alleges and asserts the affirmative and other defenses set forth herein.  By pleading these defenses, Defendant does not assume the burden of proving or disproving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiff.  Moreover, nothing stated herein is intended or shall be construed as a concession that any particular issue or subject matter is relevant to Plaintiff's allegations.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to Satisfy Requirements of a Class Action)

Defendant alleges that this suit may not be properly maintained as a class action because:  (a) Plaintiff cannot establish the necessary elements for class treatment;

Case No. 2:25-cv-09526-AS.

DEFENDANT'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

(b) a class action is not an appropriate method for the fair and efficient adjudication of the class claims described in the Complaint; (c) common issues of fact or law do not predominate—to the contrary, individual issues predominate; (d) Plaintiff's claims are not typical of the claims of the putative class; (e) Plaintiff cannot fairly and adequately represent the interests of the purported class; (f) the named Plaintiff and alleged putative class counsel are not adequate representatives for the alleged putative class; (g) class treatment is neither appropriate nor constitutional under the circumstances in this case; and/or (h) a well-defined community of interest in the questions of law and/or fact affecting Plaintiff and the members of the putative class does not exist.  Assuming that this Court certifies a class over Defendant's objections, Defendant asserts each and all of the following affirmative defenses set forth herein against each and every member of any certified class.

## SECOND AFFIRMATIVE DEFENSE
### (Failure to State Cause of Action)

Defendant alleges that the Complaint and each cause of action set forth therein fail to state a claim against Defendant upon which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE
### (Statutes of Limitation)

Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, that the Complaint and each cause of action set forth therein cannot be maintained against Defendant because they are barred by the applicable statutes of limitation including, without limitation, those prescribed by California Code of Civil Procedure sections 340(a).

## FOURTH AFFIRMATIVE DEFENSE
### (Good Faith)

All of Plaintiff's claims are barred because Defendant possessed a good faith belief that its actions were in compliance with all applicable laws.

/ / /

## FIFTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

Defendant alleges that the Complaint and each cause of action set forth therein is barred because Plaintiff lacks standing.

## SIXTH AFFIRMATIVE DEFENSE

### (No Reasonable Expectation of Privacy)

Plaintiff's claims are barred as she voluntarily provided her IP address to the Website and therefore did not have a reasonable expectation of privacy in such information.

## SEVENTH AFFIRMATIVE DEFENSE

### (Due Process)

Defendant alleges that certification of a class would constitute a denial of Defendant's substantive and procedural due process rights in violation of the Fourteenth Amendment to the United States Constitution and the Due Process and Equal Protection clauses of the California Constitution.

## EIGHTH AFFIRMATIVE DEFENSE

### (Costs and Attorneys' Fees Unavailable)

Defendant alleges that the Complaint and each cause of action set forth therein fail to state a claim for costs or attorneys' fees under applicable California law.

## NINTH AFFIRMATIVE DEFENSE

### (Acts or Omissions Not By Defendant)

All of Plaintiff's claims fail because any alleged injury was caused, in whole or in part by the acts or omissions of persons or entities other than Defendant.

## RESERVATION OF RIGHTS

Defendant reserves the right to assert any and all further defenses that become available or appear during discovery in this action and reserves the right to amend this Answer for purposes of asserting such additional affirmative defenses.

/ / /

## **PRAYER FOR RELIEF**

WHEREFORE, Defendant prays that:

1.      Plaintiff and putative class members take nothing by the Complaint and that the Complaint be dismissed in its entirety with prejudice;

2.      Judgment be entered against Plaintiff and in favor of Defendant;

3.      Defendant be awarded costs of suit and reasonable attorneys' fees incurred; and

4.      The Court award Defendant such other relief as it deems just and proper.

DATED:  December 4, 2025          VORYS, SATER, SEYMOUR AND PEASE LLP


By:    */s/ Krystal V. Campos*
        Krystal V. Campos
        Attorneys for Defendant
        COMMVAULT SYSTEMS, INC.

DEFENDANT'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT